# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS McKEITHAN
PLAINTIFF

V.

J. KERESTES ET. AL.
DEFENDANTS

NO. 1:11-01441

FILED
SCRANTON
JUN 23 2014
PER _____
DEPUTY CLERK

**A.)** PLAINTIFF'S OBJECTIONS TO PART OF THE MAGISTRATES REPORT AND RECOMMENDATION

1) PLAINTIFF COMES NOW TO PRESENT HIS OBJECTIONS TO THE PART OF THE MAGISTRATES REPORT AND RECOMMENDATION THAT RECOMMEND THE DEFENDANTS BE GRANTED SUMMARY JUDGMENT ON TWO OF PLAINTIFFS CLAIMS. (1) PLAINTIFF'S EIGHTH AMENDMENT CLAIM PERTAINING TO THE 24 hr. LIGHT IN THE RHU CELLS AT SCI MAHANOY AND (2) PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM OF DENIAL OF EQUAL TREATMENT WITH OTHER RESTRICTED RELEASE LIST INMATES ON ADMINISTRATIVE CUSTODY TO

have T.V. on Long Term Administrative Custody after 90 days on Restricted Release.

2) Plaintiff is a Pennsylvania State Prisoner in 24 hr. Solitary Confinement in the (RHU) Restricted Housing Unit, on Restricted Release.

3) Restricted Release List consist of about 90 inmates spreaded amongst all State Prisons RHU's, on Disciplinary and Administrative Custody. These inmates cannot be released back to General Population by their respective Program Review Committees like all other RHU inmates. Only the Secretary of Corrections can release "RRL" inmates like Plaintiff. Plaintiff has been in the RHU going on 5 years, others have been in the RHU 30 yr's. The privileges RRL inmates are permitted such as T.V. can mean the difference between sanity and insanity, which is why the D.O.C. allows T.V. privileges for RRL A.C. Status inmates after 90 days on RRL.

4) When the court considers a motion for summary judgement, it is suppose to view the evidence submitted by both sides in the light most favorable to the party opposing the motion (which in this case is Plaintiff). <u>United States v. Diebold</u> 369 U.S. 654 (1962); <u>Adickes v. S.H. Kress + Co.</u>, 398 U.S. 144 (1970) See also, <u>United States v. Western Electrical Co.</u> 337 F.2d 568 (9th Cir. 1964).

5) The opposing party is suppose to be given the benefit of the doubt because the <u>purpose</u> of <u>having summary judgment is not to cut people off from trial</u> where there is a genuine issue to be decided.

6) In the two claims at issue in these objections there are genuine issues to be decided, in dispute.

7) Plaintiff submitted witness affidavits as well as his own declaration in support of his Eighth Amendment claim as exhibits #D-2, D-3, C-3 with his opposition brief, and direct this court to them.

8) Plaintiff also submitted witness affidavits as well as his own declaration in support of his 14th Amendment Equal Protection claim as Exhibits #C2, #C3, #C4, #D3 and as Exh. #C1 he submitted DC-ADM. 802 Revised Policy giving all RRL (Restricted Release List) administrative custody inmates the same right to privileges, including T.V. at all Pennsylvania State Prisons RHU's. And the affidavits verifying that these Defendant created their own de facto policy vowing that they would never follow this policy and grant T.V. privileges to Plaintiff or any other inmate in the RHU at Mahanoy, and they didn't.

9) These facts and evidence a genuine issue to be decided.

There is a real dispute on both of these claims that by law should be sent to a jury.

10) If the court has viewed the evidence submitted, in light most favorable to the party opposing the motion (Plaintiff) then the Magistrate recommendation that Defendants be granted summary judgment on these two claims should not be adopted.

(4)

**B.)** DENIED ALL ATTEMPTS AT DISCOVERY

11) The courts have long held that summary judgment is inappropriate when the party opposing the motion could not obtain affidavits from prisoner witness, and discovery, particularly when opposing party is a prisoner held in solitary confinement, in view of the language of FED. R. CIV. P. 56(f), <u>BRACEY v. HERRINGA</u> 466 F.2d 702 (7th Cir. 1972), also citing <u>HUDSON v. HARDY</u> 412 F.2d 1091 (D.C. Cir. 1968)

12) In this case plaintiff has been in solitary confinement since Oct. 2009 (4 yrs. 8 months).

13) Plaintiff was denied his motion to communicate with inmate witness at SCI Mahanoy and other prisons twice each to obtain affidavits on the two claims involved in this appeal.

14) Initially the court granted plaintiff motion, but when the defendants


refuse to honor the court order, and Plaintiff filed a motion to enforce their order, Defendants filed an untimely request to reconsider their order, and they recinded its order granting Plaintiff motion to contact witness at other prisons, based on a false claim of security, since Plaintiff had agreed to any restrictions the prison officials wanted.

15) Plaintiff had no other means to contact these witness.

16) Plaintiff filed interrogatories, 90% of them were not answered.

17) Plaintiff ask the court to do an in-camera review of the long-60 watt florescent light bulbs to show that defendants claim of a 7 watt bulb was a false and perjured declaration, but the court did'nt. Because of this, the magistrate recommendation on this claim is based on a false and perjured statement by defendants.

C.) PLAINTIFF APPEAL OF THE MAGISTRATES RECOMMENDATION PERTAINING TO THIS PLAINTIFFS **EIGHTH AMENDMENT CLAIM**

18) THE MAGISTRATE RECOMMENDATION THAT THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON THIS CLAIM SHOULD BE GRANTED, IS BASED ON HIS ACCEPTANCE OF FALSE AND PERJURED DECLARATIONS OF DEFENDANTS AND THEIR AGENTS AS EVIDENCE, WHICH IS CONTRARY TO LAW. COPIES OF REPORTS MADE OUT BY THE DEFENDANTS AND OTHER PRISON STAFF DO NOT COUNT AS PROOF FOR THE DEFENDANTS, SINCE PRISON OFFICIALS CAN SAY ANYTHING THEY WANT, BRACEY V. HERRINGA 466 F.2d 702 (7th Cir. 1972).

19) IF THE COURTS ARE SUPPOSE TO VIEW THE EVIDENCE IN LIGHT MOST FAVORABLE TO THE PARTY OPPOSING THE MOTION, THEN THE MAGISTRATE RECOMMENDATION SHOULD **NOT BE ADOPTED** ON THIS CLAIM. WHEREAS PLAINTIFF SUBMITTED WITNESS AFFIDAVITS AS EXHIBITS C-3, D-3, D-4, AND PLAINTIFF'S AFFIDAVIT AS EXHIBIT D-2 IN SUPPORT OF THIS CLAIM AND DISPUTING THE DEFENDANTS VERSIONS. UNITED STATES V. DIEBOLD, 369 U.S. 654 (1962) ADICKES V. S.H. KRESS + CO, 398 U.S. 144 (1970), SEE ALSO UNITED STATES V. WESTERN

ELECTRICAL CO., 337 F.2d 568 (9th Cir. 1964)

20) The law is clear in that the opposing party (Plaintiff) is suppose to be given the benefit of the doubt because the <u>purpose of having summary judgment is not</u> to cut people off from trial where there is a genuine issue to be decided.

21) The defendants presented false declarations claiming that the 24 hr. light in the cells are 7 watt bulbs.

22) Plaintiff submitted witness declarations as well as his own as exhibits C-3, D-2, D-3, D4 supporting his claim that the 24 hr. lights in the cells at SCI Mahanoy are <u>60 watt soft high intensity florescent light bulbs</u> (long).

23) This is a <u>genuine issue in dispute</u>.

24) The conditions described by Plaintiff in his complaint is reminiscent of old Nazi Germany torture tactics to terrorize prisoners, even in criminal cases, courts have thrown out statements due to this type of torture tactic.

25) THIS IS NOT SHORT TERM TORTURE, THIS IS YEARS, 24 HR.S A DAY UNDER THESE HIGH INTENSITY FLORESCENT LIGHT BULBS

26) IT IS UNDISPUTABLE THAT THE TREATMENT A PRISONER RECEIVES IN PRISON AND THE CONDITIONS UNDER WHICH HE IS CONFINED ARE SUBJECT TO SCRUTINY UNDER THE EIGHTH AMENDMENT. FARMER V. BRENNAN 511 U.S. 825 (1994) QUOTING HELLING V. McKINNEY, 509 U.S. 25, 31 (1993)

27) THE MAGISTRATE INCORRECTLY STATE PLAINTIFF CLAIM HE SUFFERED MEMORY LOST.

PLAINTIFF SUBMITTED WITH HIS OPPOSITION BRIEF AS EXHIBIT #B-1 A COPY OF HIS SETTLEMENT WITH THE D.O.C. IN WHICH THEY ACKNOWLEDGE HIS MEMORY IMPAIRMENT, AND PLAINTIFF SUBMITTED AS EXHIBIT #B-2 WITH HIS OPPOSITION BRIEF, A COPY OF REQUEST TO PSYCHIATRIST DR. SANDERELLI AT FRACKVILLE ABOUT MEMORY LOST AND SLEEP DEPRIVATION.

THESE CONDITIONS ARE DOCUMENTED IN PLAINTIFF'S MEDICAL FILE AND WAS INTENSIFIED BY THE CONDITIONS AT ISSUE HERE.



28) This is not a case about a dim night light, this case is about the main cell light being on all day and evening for no penalogical reason (see Exh. #D-2 and D-3) filed with opposition brief. 60 watt soft high intensity florescent light bulbs.

29) Requiring inmates to live in constant illumination under certain circumstances may rise to the level of an Eighth Amendment violation, Brown v. Martinez, 2007 WL 2225842 at 8 (M.D. PA. July 31, 2007) citing Bacon v. Milner, 229 Fed.Appx. 96 (3rd Cir. April 19, 2007).

30) This is a genuine issue that a jury should decide.

/ The fact that defendants made a false declaration that the main cell light at issue is 7 watts, when it is 60 watt, soft high intensity florescent bulb is a disputable fact and a genuine issue to be decided.

(10)

In Plaintiff opposition brief exh.# B-1, B-2, B-3 which verify Plaintiff's memory impairment, also prove that the Defendants filed another false declaration by Vicki Stanishefski.

Exhibits: # C-3, D-2, D-3, D-4 which was filed with Plaintiff opposition brief in support of this claim and in dispute of Defendants versions, create a genuine issue to be decided by a jury.

The Magistrate recommendation that Defendants be granted summary judgment on this 14th Amendment claim of denial of Equal Protection should NOT BE ADOPTED.

11

D.) PLAINTIFF APPEAL OF THE MAGISTRATES RECOMMENDATION PERTAINING TO THIS PLAINTIFFS <u>FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM</u>

31) THE MAGISTRATE RECOMMENDATION THAT THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF EQUAL PROTECTION CLAIM SHOULD BE GRANTED IS CONTRARY TO LAW, AND EVIDENCE PRESENTED VIA PLAINTIFF WITNESS AFFIDAVITS AS EXHIBITS C-2, C-3, C-4 D-3, INCLUDING PLAINTIFFS OWN DECLARATION, AS WELL AS EXH. # C-2 LETTER TO D.O.C AND EXH. C-1 D.O.C REVISED POLICY DC-ADM. 802 FILED WITH PLAINTIFF OPPOSITION BRIEF.

32) IF THE COURTS ARE SUPPOSE TO VIEW THE EVIDENCE IN LIGHT MOST FAVORABLE TO THE PARTY OPPOSING THE MOTION, THEN THE MAGISTRATE RECOMMENDATION SHOULD <u>NOT BE ADOPTED</u> ON THIS CLAIM.

33) THERE IS A GENUINE ISSUE IN DISPUTE.
<u>UNITED STATES</u> v. <u>DIEBOLD</u>, 369 U.S. 654 (1962), <u>ADICKES</u> v. <u>S.H. KRESS + CO.</u>

398 U.S. 144 (1970), SEE ALSO <u>UNITED STATES v. WESTERN ELECTRICAL CO.</u> 337 F.2d 568 (9th Cir. 1964),

34) THE LAW IS CLEAR THAT THE OPPOSING PARTY (PLAINTIFF) IS SUPPOSE TO BE GIVEN THE BENEFIT OF THE DOUBT BECAUSE THE <u>PURPOSE OF HAVING SUMMARY JUDGMENT IS NOT</u>, TO CUT PEOPLE OFF FROM TRIAL WHERE THERE IS A GENUINE ISSUE TO BE DECIDED.

35) THE GRAVAMEN OF A COMPLAINT FOR DENIAL OF EQUAL PROTECTION IS THAT SIMILARLY SITUATED INDIVIDUALS ARE TREATED EQUALLY, SEE: <u>CITY OF CLEBURNE TEXAS v. CLEBURNE LIVING CENTER</u>, 473 U.S. 432 (1985)

36) PLAINTIFF WAS PLACED ON RESTRICTED RELEASE LIST, which IS AN INDEFINITE SANCTION IN SOLITARY CONFINEMENT UNDER THE GUISE OF ADMINISTRATIVE CUSTODY. AS SUCH THE D.O.C. ESTABLISH A POLICY WHEREAS AFTER 90 DAYS ON RRL ADMINISTRATIVE CUSTODY

INMATES COULD BE GIVEN THEIR T.V. (SEE EXH. # C-1) FILED WITH WITH PLAINTIFF OPPOSITION BRIEF.

37) ALL RESTRICTED RELEASE LIST (RRL) INMATES ON ADMINISTRATIVE CUSTODY AT ALL OTHER PENNSYLVANIA STATE PRISONS HONORED THIS POLICY AND WERE PROVIDED THEIR T.V.'S, EXCEPT AT SCI MAHANOY, WHERE DEFENDANTS VOWED THEY WOULD NEVER FOLLOW THIS POLICY UNLESS THEY WERE FORCED TO. NO RRL INMATE HAD EVER BEEN GIVEN THEIR T.V. PRIVILEGES AT MAHANOY.

38) THE DEFENDANTS AND MAGISTRATE CLAIM IT IS DISCRETIONARY, BUT IT IS NO DISCRETION INVOLVED IF NO INMATE HAS EVER BEEN GRANTED THIS PRIVILEGE, AND IF THE DEFENDANTS CREATED A DE FACTO POLICY THAT DENIED THIS PRIVILEGE TO ALL RRL OR ALL ADMINISTRATIVE CUSTODY INMATES, DENYING THEM EQUAL PROTECTION COMPARABLE TO ALL RRL INMATES IN ALL THE OTHER PENNSYLVANIA STATE PRISONS RHU's.

SEE: PLAINTIFF AFFIDAVIT FILED AS EXHIBIT # C-4 WITH HIS OPPOSITION BRIEF, AND WITNESS AFFIDAVITS FILED AS EXHIBITS # C-3, D-3 WITH HIS OPPOSITION BRIEF.

39) THIS COURT DENIED PLAINTIFF MOTION TO CONTACT WITNESS AT OTHER STATE PRISONS INCLUDING MAHANOY.

40) EQUAL PROTECTION CLAUSE EMBODIES A GENERAL RULE THAT, STATES MUST TREAT LIKE CASES ALIKE.

IT IS ESSENTIALLY A DIRECTION THAT ALL PERSONS SIMILARLY SITUATED SHOULD BE TREATED ALIKE, VACCO V. QUILL, 521 U.S. 793 (1997)

41) A PRISONER MUST CLAIM AND PROVE THAT THE STATE TREATED HIM OR HER DIFFERENTLY FROM OTHERS WHO WERE SIMILARLY SITUATED AND THAT THE DIFFERENCE IN TREATMENT WAS NOT RATIONALLY RELATED TO ANY LEGITIMATE GOVERMENTAL INTEREST, SEE: VILLAGE OF WILLOWBROOK V. OLECH 528 U.S. 562 (2000).

42) Plaintiff was in the RHU at SCI Mahanoy for 2 yrs totally misconduct free from the day he was placed in the RHU Oct. 2, 2009 until Oct. 19, 2011

Plaintiff earned his radio, typewriter, general population commissary and weekly phone calls, as did other RRL inmates at Mahanoy, but not one RRL inmate ever received their T.V. privileges due to the defendants vow to not adhere to DC-ADM. 802 (Exh. C-1 filed with plaintiff opposition brief).

43) RRL inmates at other prisons, in the RHU for murders of inmates and staff, for stabbings, escapes etc, was granted T.V. privileges because those administrations follow policy.

44) Inmates with 100's of misconducts in the RHU for assaults, throwing body fluids on staff and inmates, receive their T.V.'s once on administrative custody.

Only SCI Mahanoy deny RRL inmates equal treatment no matter how non-problematic or misconduct free, they are, or how long.

All RRL inmates have a right to be treated equally if on the status and defendants have denied that.

(16)

# CONCLUSION

As a matter of law, based on the exhibits and witness declarations in support of the two claims at issue in these objections, there are genuine issues in dispute, to be decided by a jury.

The magistrate's recommendation that the defendants should be granted summary judgment on these two claims, should **not** **be adopted**, and should remain for trial.

6-19-14

_Dennis McKeithan_
DENNIS McKEITHAN
#BB2253
111 ALTAMONT BLVD
FRACKVILLE PA. 17931

(17)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

D. McKEITHAN
PLAINTIFF

V.

J. KERESTES ET.AL
DEFENDANTS

NO. 1:11-01441

## PROOF OF SERVICE

PLAINTIFF CERTIFY THAT on 6-19-14 he DID SEND THE DEFENDANTS A COPY OF PLAINTIFFS OPPOSITION TO PART OF THE MAGISTRATE REPORT AND RECOMMENDATION, SENT VIA U.S. MAIL, POSTAGE PAID; TO

JAMIE B. BOYD
ASST. COUNSEL
PA. DEPT. OF CORRECTIONS
1920 TECHNOLOGY PARKWAY
MECHANICSBURG PA. 17050

_Dennis McKeithan_
DENNIS McKEITHAN
#BB 2253
1111 ALTAMONT BLVD
FRACKVILLE PA. 17931

6-19-14
DATE

DENNIS McKEITHAN
#BB 2253 SCI FRACKVILLE
1111 ALTAMONT BLVD
FRACKVILLE PA. 17931

RECEIVED
SCRANTON
JUL 28 2014
PER _____
DEPUTY CLERK

UNITED STATES DISTRI[CT]
MIDDLE DISTRICT OF P[A]
235 N. WASHINGTON AV[E]
P.O. BOX 1148
SCRANTON PA. 18501-