UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS McKEITHAN, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:11-CV-1441
     :
JOHN KERESTES, *et al.*, :
    Defendants. :
     :

*M E M O R A N D U M*

*I.*    *Introduction*

We are considering pro se Plaintiff Dennis McKeithan's objections to the Report and Recommendation of Chief Magistrate Judge Carlson (Doc. 132), which recommends that we grant Defendants' motion (Doc. 110) for summary judgment with respect to all claims except Plaintiff's First Amendment retaliation claim.  Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  For the following reasons, we agree with the findings of the magistrate, and will adopt the report in its entirety.

*II.*    *Background*

The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.     Discussion*

   *A. Plaintiff Failed to Exhaust His Administrative Remedies Regarding the Equal Protection Claim*

Plaintiff objects to the magistrate judge's finding that Defendants are entitled to summary judgment on Plaintiff's Equal Protection claim. Plaintiff argues that the claim involves disputed facts, and therefore, summary judgment is not appropriate. Specifically, Plaintiff claims that prison officials at SCI-Mahanoy routinely deny television privileges to restricted release list ("RRL") inmates, in contravention of Department of Corrections ("DOC") policies at other Pennsylvania prisons. (Doc. 135 at 13-14). However, Plaintiff's argument on this point is irrelevant, because it is undisputed that Plaintiff failed to exhaust his administrative remedies in regard to this claim.

   Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners must exhaust all available remedies at the administrative level prior to presenting their claims in federal court. See 42 U.S.C. § 1997e(a). The DOC has a three-step grievance process for inmates to follow if they believe their rights have been violated. See DC-ADM 804. It is clear from the record that Plaintiff did not file a single grievance complaining that he had been denied the same privileges enjoyed by RRL prisoners housed at other Pennsylvania prisons. Because Plaintiff did not even begin the administrative grievance process, he cannot pursue this Equal Protection claim in federal court, and Defendants are entitled to summary judgment.

2

*B. Plaintiff's Eighth Amendment Claim Fails on the Merits*

Plaintiff also objects to the magistrate judge's recommendation that we grant summary judgment on his Eighth Amendment claim. Plaintiff claims that by subjecting him to 24-hour security lighting in his cell, prison officials inflicted cruel and unusual punishment, and disregarded his serious medical needs. The magistrate judge found that this claim fails on the merits. Plaintiff argues that summary judgment is inappropriate because there is a dispute of fact regarding the level of the night lights in his cell.

In order to succeed on an Eighth Amendment claim, Plaintiff must demonstrate that prison officials knew of and disregarded a serious risk to his health or safety. See Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). To rise to the level of cruel and unusual punishment, prison officials' actions must "'result in the denial of the minimal civilized measure of life's necessities.'" Betts v. New Castle Youth Development Center, 621 F.3d 249, 256 (3d Cir. 2010) (internal quotation omitted). Notably, courts have found that 24-hour low-intensity lighting in prison cells is permissible when used for legitimate penological reasons. See, e.g., Chavarria v. Stacks, 102 F. App'x 433, 436-37 (5th Cir. 2004); Spencer v. Wetzel, No. 12-cv-0616, 2014 WL 1056424, at *4-*5 (M.D. Pa. Mar. 17, 2014).

The record confirms that continuous lighting is used in the restricted housing unit ("RHU"). (Doc. 111, ¶¶ 30-33). The regular cell lights are on from 6:00 a.m. until 10:00 p.m. each night, and a low-intensity 7-watt night light is on from 10:00 p.m.

3

until 6:00 a.m.  (Id ¶ 31).  Plaintiff claims that Defendants have misrepresented these facts, and that the night lights are actually "60-watt . . . high intensity florescent light bulbs[,]" that cause memory loss and sleep deprivation.  (Doc. 135 at 8).  However, aside from his bald assertion that Defendants have perjured themselves, Plaintiff offers no record evidence to disputes Defendants' version of the facts.[1]  According to the record, the RHU cells must be illuminated because these inmates are subject to frequent observation by prison officials to ensure the safety and security of the institution and the inmates.  We agree with the magistrate judge that this policy serves legitimate penological interests, and does not violate the Eighth Amendment.  Moreover, we agree that Plaintiff has failed to demonstrate that he suffered any cognizable injury from the lights.  Defendants are entitled to summary judgment on this claim.

> *C. Defendants Are Not Entitled to Summary Judgment on Plaintiff's Retaliation Claim*

The magistrate judge found that there were genuine disputes of fact surrounding Plaintiff's claim that Defendants deprived him of his radio and typewriter in retaliation for filing grievances.  Because Plaintiff does not object to this finding, and

---

1. Plaintiff cites to three unsworn declarations made by fellow inmates to support his contention that the cells at SCI-Mahanoy are constantly illuminated with bright lights. Two of these declarations appear in Plaintiff's own handwriting, and address only the lighting conditions at SCI-Frackville–which are irrelevant to Plaintiff's claim.  (Doc. 129 at 76-77, 85).  The third declaration, provided by inmate Mitchell Butler, claims that in the summer of 2010, the lights in his RHU cell at SCI-Mahanoy were "always on at full glare," but makes no mention of Plaintiff's cell lights.  (Doc. 129 at 84).

because we agree with the magistrate judge's conclusion, we will adopt this portion of the report.  We will deny summary judgment on this claim.

*IV.*     *Conclusion*

      For the reasons stated above, we will adopt the magistrate judge's report in its entirety.  An appropriate order follows.

                  /s/William W. Caldwell
                  William W. Caldwell
                  United States District Judge